IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACQUELINE SLATON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv678-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

The Petitioner, Jacqueline Slaton, has filed a *pro se* pleading with this court, self-styled as a "Motion to Contest the Applicability of Guidelines Enforcements," in which she asserts claims challenging the sentence imposed by this court in October 2012 following her conviction on charges of fraud and aggravated identity theft. (Doc. No. 2.)

The law is settled that 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re*

*Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

The claims Slaton seeks to advance may properly be presented at this time only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Accordingly, this court concludes that Slaton's instant pleading should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

In light of the foregoing, and in compliance with the requirements of *Castro v. United States*, 540 U.S. 375, 382-83 (2003), **the court hereby advises Slaton of its intention to recharacterize her pleading (Doc. No. 2) as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.** The court **CAUTIONS** Slaton that such recharacterization renders this motion and any subsequent § 2255 motion filed with this court subject to each of the procedural limitations imposed upon § 2255 motions. Specifically, Slaton is **cautioned** that the instant motion and any subsequent § 2255 motion will be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[1]

---

[1] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In further compliance with the requirements of *Castro*, it is

**ORDERED** that **on or before October 23 2013**, Slaton shall advise this court whether she seeks to do **one** of the following:

(1)  have her motion (Doc. No. 2) construed as a § 2255 motion as filed and proceed before this court pursuant to 28 U.S.C. § 2255 on the claims presented in the motion;

(2)  amend her motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which she wishes to challenge her conviction and sentence; or

(3)  withdraw her motion.

Slaton is **CAUTIONED** that if she fails to file a response in compliance with this order, which requires that she advise the court that she wishes to do **one** of the above, this cause shall proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims presented in her original motion (Doc. No. 2).

In order to assist Slaton in presenting any claims she wishes to assert in a 28 U.S.C. § 2255 motion, the Clerk of Court is **DIRECTED** to provide Slaton with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Done this 23rd day of September, 2013.

                                             /s/ Susan Russ Walker
                                         SUSAN RUSS WALKER
                                         CHIEF UNITED STATES MAGISTRATE JUDGE