IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACQUELINE SLATON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv678-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jacqueline Slaton ("Slaton") is before the court on a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* Doc. Nos. 2 & 4.[1]

**I.   INTRODUCTION**

On July 5, 2012, Slaton pled guilty under a plea agreement to one count of filing false claims against the United States, in violation of 18 U.S.C. § 287, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. The plea agreement contained a waiver of

---

[1] References to document numbers ("Doc. No.") are to those assigned by the Clerk of Court in the instant civil action. Page references are to those assigned by CM/ECF. References to exhibits ("Gov. Ex.") are to those filed by the Government with its response (Doc. No. 7).
    Slaton titled her original pleading, which was filed on September 9, 2013, as "Defendant's Motion to Contest Applicability of Guidelines Enhancements." Doc. No. 2. The court informed her that the claims in her motion were properly presented in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 3. Additionally, in compliance with *Castro v. United States,* 540 U.S. 375 (2003), the court notified plaintiff of its intention to treat her filing as a § 2255 motion and directed her to advise the court whether she wished to proceed under 28 U.S.C. § 2255 on the claims in her original pleading, amend her motion to assert additional claims under 28 U.S.C. § 2255, or withdraw her motion. *Id*. On October 8, 2013, Slaton formally filed a § 2255 motion asserting additional claims. Doc. No. 4. Therefore, this case proceeds under 28 U.S.C. § 2255 on the claims in Slaton's original pleading (Doc. No. 2) and the claims in her formal motion of October 8, 2013 (Doc. No. 4).

Slaton's right to appeal or collaterally challenge her conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. Gov. Ex. 2 at 6-7. Following a sentencing hearing on October 23, 2012, the district court sentenced Slaton to 70 months in prison, comprising 46 months for the false-claims count and a consecutive 24-month term for aggravated identity theft. Slaton took no direct appeal.

In her § 2255 motion, Slaton claims:

(1) the district court erred by applying a 10-level enhancement under U.S.S.G. § 2B1.1(b)(1), based on a finding that the amount of loss attributable to her was between $120,000 and $200,000, when the restitution amount ordered by the court was only $102,573; and

(2) the facts of her case do not support a conviction for aggravated identity theft because she did not "steal" the identification information of the individuals under whose names she filed fraudulent tax returns and she did not directly communicate with those individuals in obtaining their identification information.

Doc. No. 2 at 1; Doc. No. 4 at 4-6.

The Government argues that Slaton's claim that the district court attributed an improper loss amount to her under U.S.S.G. § 2B1.1(b)(1) is a nonconstitutional claim not subject to collateral review and, in any event, lacks merit. Doc. No. 7 at 3-5. The Government argues that Slaton's claim that the aggravated identity theft charge was improper also lacks merit.[2] *Id*. at 5-7.

---

[2] The Government also argues that Slaton's § 2255 motion is barred in its entirety by the provision in her plea agreement under which she waived her right to appeal or collaterally challenge her conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial
(continued...)

Based on the court's consideration of the parties' submissions, the record, and the applicable law, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Slaton's § 2255 motion should be denied.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States*

---

[2](...continued)
misconduct. Doc. No. 7 at 4-5. An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. Slaton took no direct appeal. Because a transcript of the change of plea hearing was not generated in her case, and because the claims in her § 2255 motion clearly are without merit and provide no basis for relief, the court pretermits discussion of the Government's argument that Slaton's motion is barred by the waiver provision in the plea agreement. The court notes, however, that Slaton does not allege that she did not understand the terms of the waiver provision. Further, the written plea agreement – in which the terms of the waiver provision are explicit (Gov. Ex. 2 at 6-7 – contains Slaton's signature under language acknowledging that she has read and understood the plea agreement and that the matters and facts set forth in the written agreement accurately reflect all representations made to her and all the terms reached (*id*. at 15).

*v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B. Slaton's Claims

#### 1. *Enhancement for Attributable Loss under U.S.S.G. § 2B1.1(b)(1)*

Slaton contends that the district court erred by applying a 10-level enhancement to her offense level under U.S.S.G. § 2B1.1(b)(1), based on a finding that the amount of loss attributable to her was between $120,000 and $200,000,[3] when the restitution amount ordered by the court was only $102,573.  Doc. No. 2 at 1; Doc. No. 4 at 4.

A claim that a sentencing guidelines provision was misapplied "is not a constitutional claim." *Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) (en banc).  *See also Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998). Further, an error in application of the sentencing guidelines does not constitute a "complete miscarriage of justice." *See Spencer v. United States*, 773 F.3d 1132, 1139-44 (11th Cir. 2014); *Burke*, 152 F.3d at 1331-32.  Consequently, a claim simply asserting an error in applying or calculating the sentencing guidelines is not a matter that may be raised in a §2255 motion. *Spencer*, 773

---

[3] Under §2B1.1(b)(1), the offense level for a defendant convicted of certain economic offenses is enhanced if the loss exceeded $5,000, with the extent of the enhancement determined by the amount of the loss. A 10-level enhancement is applied where the loss was more than $120,000 but less than $200,000. U.S.S.G. §2B1.1(b)(1)(F), (G).

F.3d at 1142-44; *Burke*, 152 F.3d at 1331-32. *See also, e.g., United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999) (absent "extraordinary circumstances," guidelines claims cannot be brought in a § 2255 motion). Because Slaton merely asserts an error in application of the sentencing guidelines – specifically, in the manner in which her attributable loss was calculated under §2B1.1(b)(1) – her claim is not subject to review in this §2255 proceeding.[4]

In any event, Slaton's claim would fail on the merits. She premises her claim on the assumption that attributable loss under § 2B1.1(b)(1) cannot be greater than the amount of restitution owed to victims of the offense. *See* Doc. No. 2 at 1; Doc. No. 4 at 4. Because the district court ordered restitution in the amount of $102,573, she says, it erred in finding her attributable loss under §2B1.1(b)(1) to be between $120,000 and $200,000. She contends that if her attributable loss were limited to the restitution amount of $102,573, she would have received an 8-level enhancement under §2B1.1(b)(1) instead of the 10-level enhancement imposed by the court. *See* U.S.S.G. §2B1.1(b)(1)(E), (F).

Slaton is wrong on the law. Restitution is limited to *actual loss* that the defendant is responsible for paying back. *See United States v. Liss*, 265 F.3d 1220, 1231 (11th Cir. 2001) ("An award of restitution must be based on the amount of loss actually caused by the

---

[4] Errors in application of the sentencing guidelines are also subject to procedural default. *See, e.g., McKay v. United States*, 657 F.3d 1190, 1196-1200 (11th Cir. 2011); *Bido v. United States,* 438 Fed. App'x 746, 748 (11th Cir. 2011). Slaton's claim is procedurally defaulted because she failed to raise it on appeal and she makes no attempt to establish cause for her default. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994) (an available claim not advanced on direct appeal is procedurally barred in a § 2255 proceeding); *Lynn*, 365 F.3d at 1234 (petitioner seeking to avoid procedural default must show cause for not raising claim on direct appeal and actual prejudice from alleged error).

defendant's conduct"). However, when calculating loss for sentencing purposes under § 2B1.1(b)(1), the loss is either the actual loss or the intended loss, whichever is greater. U.S.S.G. § 2B1.1(b)(1) cmt. n.3(A). Intended loss is "the pecuniary harm that was intended to result from the offense" and it "includes intended pecuniary harm that would have been impossible or unlikely to occur." *Id*. at n.3(A)(ii). *See United States v. Willis*, 560 F.3d 1246, 1250-51 (11th Cir. 2011) (finding that intended loss included defendant's fraudulent claims to FEMA that were not paid). In Slaton's case, the intended loss, based on the total federal and state tax refunds she requested, was $154,904. *See* Gov. Ex. 2 at 10. Therefore, the 10-level enhancement under § 2B1.1(b)(1) was correct. *See* U.S.S.G. § 2B1.1(b)(1)(F), (G)

### 2. *Facts to Support Conviction for Aggravated Identity Theft*

Slaton seems to argue that the facts of her case do not support her conviction for aggravated identity theft because she did not actually "steal" the identification information of the individuals under whose names she filed fraudulent tax returns and she did not directly communicate with those individuals in obtaining their identification information.[5] Doc. No. 4 at 5-6.

Slaton appears to premise this claim on the assumption that she had to personally "steal" identification information to be guilty of aggravated identity theft under 18 U.S.C.

---

[5] This claim, like Slaton's previous claim, appears to be procedurally defaulted because Slaton failed to raise it on appeal and she makes no attempt to establish cause for her default. In any event, as discussed *infra*, the claim is meritless.

§ 1028A. However, the statute covers anyone who "transfers, possesses, or uses" a means of identification in connection with certain crimes and does so "without lawful authority." 18 U.S.C. § 1028A(a). Actual theft is not an element of the statute. *United States v. Hurtado*, 508 F.3d 603, 607-08 (11th Cir. 2007), overruled in part on other grounds, *Flores-Figueroa v. United States*, 556 U.S. 646 (2009) (conviction under statute does not require that defendant stole another person's actual means of identification). *See also, e.g., United States v. Abdelshafi*, 592 F.3d 602, 607-09 (4th Cir. 2010).

Further, §1028A prohibits use of another person's identification information in connection with certain crimes even where the person whose identity is used gives permission. As the Government observes:

> [N]umerous courts have held, permission does not equal lawful authority. *See, e.g., United States v. Otuya*, 720 F.3d 183, 189-90 (4th Cir. 2013) (permission of co-conspirator not lawful authority); *United States v. Lumbard*, 706 F.3d 716, 720-25 (6th Cir. 2013) (holding that permission to use identity unlawfully still without lawful authority); *United States v. Ozuna-Cabrera*, 663 F.3d 496, 500-01 (1st Cir. 2011) (holding that purchasing expired passport from legitimate passport holder still amounted to identity theft); *United States v. Retana*, 641 F.3d 272, 273-75 (8th Cir. 2011) (father's permission to use his social security number does not amount to "lawful authority").

Doc. No. 7 at 6. Consequently, Slaton's apparent suggestion that some of the individuals whose identification information she used in filing fraudulent tax returns gave "permission" for that information to be used is unavailing as support for her claim that the facts did not support her conviction.[6] Finally, her contention that she not directly communicate with those

---

[6] As the Government notes (Doc. No. 7 at 6), Slaton seems to concede that the evidence
(continued...)

7

individuals in obtaining their identification information is not a defense to the charges against her, when the facts showed that she conspired with others more directly in contact with the individuals whose identification information was obtained and that her conspirators forwarded the information to her, which she then used in filing fraudulent tax returns.

For the reasons indicated above, Slaton is not entitled to relief on this claim.[7]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Slaton be DENIED with prejudice.

It is further

---

[6](...continued) showed at least two individuals who did not know her or give her any sort of permission to use their identification information.  *See* Doc. No. 4 at 5-6.  Slaton pled guilty to a single count of aggravated identity theft.

[7] Although not listed as a separate Ground for Relief in her § 2255 motion, Slaton asserts, perfunctorily, that she believed the mandatory consecutive two-year sentence for aggravated identity theft was "included in the 5 years that was stated in my plea agreement." Doc. No. 4 at 7.  However, she undermines this assertion by saying:

> Me and my lawyer never talked in detail about the mandatory time. He did say it to me but I was so upset I just signed to get it over with.

Doc. No. 4 at 7.  Thus, Slaton concedes she was advised of the consequences of her plea regarding the mandatory sentence for aggravated identity theft.  In an affidavit submitted to this court, her trial counsel states that it was always clear to Slaton that the 24-month sentence for aggravated identity theft would be added to any other sentence she received.  Doc. No. 6 at 2.  Morever, notwithstanding Slaton's allusion to the "5 years that was stated in my plea," nowhere in the written plea agreement is there any indication that her total sentence would be only 5 years, and the written plea agreement plainly states that her conviction for aggravated identity theft would require a mandatory 24-month sentence to run consecutively with any other sentence imposed. Gov. Ex. 2 at 2.  To the extent that Slaton attempts to raise an actual claim with her assertions about her consecutive 24-month sentence for aggravated identity theft, it provides no basis for relief.

ORDERED that the parties shall file any objections to this Recommendation **on or before July 13, 2015.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*,

DONE, this 29th day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE